Crew, J.
At the September term, 1907, of the Court of Common Pleas of Hancock county, the defendant, Arthur Orth, was indicted by the grand jury of said county under Section 3140-2, Revised Statutes, for unlawfully neglecting and refusing to provide his minor children, Edna Orth and Harter Orth, aged respectively nine and five years, “with necessary and proper home, care, food and clothing.” Thereafter at the February term, 1908, of said court of common pleas, said indictment duly came on for trial, and the state to maintain the issue on its part and to sustain and prove the allegations and charge in said indictment, called as a witness for the state, Mrs. A. E. Orth, wife of the defendant. Thereupon, after certain preliminary questions had been put to and answered by her, from which it was made to appear that she was then the lawful wife of said Arthur Orth, the defendant’s counsel interposed an objection to her as a witness, on the ground that, in this case, she was incompetent to testify as a witness against her husband. Said objection was upon consideration sustained by the court, to which ruling the prosecuting attorney excepted. Thereupon, the state, without calling any other witness, or offering any evidence in support of the charge made in said indictment, rested its case; whereupon the court, on motion of counsel for the defendant, directed the jury to return a verdict of not guilty, which was accordingly done. The prosecuting at *132 torney on behalf of the state, under favor of Section 7305, Revised Statutes, presents to this court his exception to the ruling and decision of the court of common pleas, in order that he may secure a decision which shall determine the law to govern in similar cases. Upon the present record, the only question presented to this court for determination is: Was Mrs. Orth, wife of the defendant, competent to testify as a witness for the state and against her husband, on the trial of the latter on. the indictment returned against him in this case? It was the well known and well settled rule of the common law, adopted and followed in this state, that husband and wife were not competent witnesses for or against each other in any criminal cáse, except in prosecutions for personal injury committed by the one upon the other, in which latter case it was held, that from necessity, the injured party was a competent witness. 1 Archbold Crim. Pl. & Pr., 472; Bishop’s Crim. Procedure, Section 69; Steen v. The State, 20 Ohio St., 333; Whipp v. The State, 34 Ohio St., 87. The first statutory modification of this common law rule in Ohio is found in the act of the general assembly passed March 28, 1889, 86 O. L., 161. This statute of 1889 was subsequently amended by the enactment of what is now Section 7284, Revised Statutes, which section provides as follows: “No person shall be disqualified as a witness in any criminal prosecution by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of any crime; and husband and wife shall be competent witnesses to testify in behalf of each other in all *133 criminal prosecutions; but such interest, conviction or relationship may be shown for the purpose of affecting his or her credibility. But husband or wife shall not testify concerning any communication made by one to the other, or act done by either in the presence of each other during coverture, unless the communication was made or act done in the known presence or hearing of a third person competent to be a witness, or unless in case of personal injury by either the husband and wife to the other, or in case of the neglect or cruelty of either to their minor children under ten' years of age. And the rule shall be the same if the marital relation has ceased to exist; provided, that the presence or whereabouts of the husband or wife shall not be construed to be an act under this section.” While it is perfectly obvious, and would seem to be conceded in this case, that the above statute does not in express terms enact or provide that husband and wife shall be competent witnesses against each other in the cases therein specified, it is nevertheless insisted by counsel for the state that the provisions of said statute are only consistent with a legislative purpose to so enact, and therefore, that such provision should be read into the statute and the statute be construed and-given effect accordingly. This we think is clearly a misconception of the proper office and legal effect of the plain provisions of said statute. This section should not be construed or adjudged as requiring or sanctioning such a radical departure from the well recognized and long established rule of evidence in criminal cases, unless its language imperatively demands such construe- *134 lion. If this statute contained only the provisions that: “No person shall be disqualified as a witness in any criminal prosecution by reason of his interest in the event of the same as a party or otherwise, or by reason of his conviction of any crime; and husband and wife shall be competent witnesses to testify in behalf of each other in all criminal prosecutions; but such interest, conviction or relationship may be shown for the purpose of affecting' his or her credibility. But husband and wife shall not testify concerning any communication made by one to the other, or act done by either in the presence of each other during coverture,” none would claim that such statute, was effectual to remove the disqualification and establish the right of husband and wife to testify for the state and against each other in criminal cases. Nor do we think that with any better reason or right, it can be said or claimed, that the mere addition to such statute of certain provisions, the sole office of which is to modify the rule of evidence as to confidential or privileged communications in certain enumerated cases, shall have the effect to so change the rule of the common law, which is grounded on public policy, as to make husband and wife competent witnesses to testify generally against each other in such cases. The only proper effect of the statute — Section 7284— if interpreted to mean what it says, and its language being plain, only such interpretation is permissible, is: 1. The removal thereby of the interest disqualification, and of disability by reason of the conviction, of a crime; 2. To make husband and wife competent witnesses on behalf of each *135 other in all criminal prosecutions; 3. To enact and provide that the rule of evidence as to confidential or privileged communications shall not apply, in case of personal injury by either the husband or wife to the other, or in case of the neglect or cruelty of either to their minor children under ten years of age; but that in such cases, husband or wife, testifying on behalf of each other, shall be competent to testify to communications made by one to the other, or acts done by either in the presence of the other, although no third person was present. That the legislature did not intend by the adoption of this statute to abrogate, or modify, the firmly established general rule of the common law that husband and wife are incompetent to be witnesses against each other in criminal cases, is at once evident when we consider, that with the whole subject before it for consideration, it enacted, by positive provision and in express terms, that husband and wife shall be competent witnesses on behalf of each other, but declined to thus enact that they should be competent witnesses against each other. If it had been the purpose and design of the legislature to so relax or change this rule of the common law as to permit husband and wife to testify against each other in the cases in said statute specified, it would doubtless have so declared in express and appropriate terms, and it would, not have left this purpose to be ascertained or discovered by interpretation, or supplied by mere conjecture. With the policy of the rule that makes the wife incompetent as a witness against her husband in the present case, we are not now concerned. If. the *136 law should be changed in this behalf, so as to make husband and wife competent witnesses against each other in such cases, the duty of changing it devolves upon the legislature, not upon this court.

Exceptions overruled.

Shauck, Summers, Spear and Davis, JJ., concur.